WILLIAM BAKEWELL, BENJAMIN BAKEWELL and WILLIAM L. BAKEWELL *against* JOHN DALTON and JAMES KING :

IN ERROR.

THIS was an action of *account*, brought, originally, by *Dalton* and *King*, against the present plaintiffs.

The declaration stated, generally, that from the 1st of *January*, 1803, to the 1st of *April*, 1805, the plaintiffs in error, were the bailiffs and receivers of the defendants ; and that during that time, they received goods, wares and merchandize, to the value of 3500 dollars, &c.

To this declaration there was a plea in bar, wherein it was averred, that in consideration of an assignment of certain property, to trustees, for the benefit of the defendants in error, and all other creditors of the plaintiffs, the defendants executed a certain release to *Benjamin Bakewell*, one of the plaintiffs, thereby discharging him from all debts, dues and demands.

The defendants prayed oyer of the deed of assignment and release ; and on oyer, it appeared, that the deed contained a clause of the following tenor, *viz.* " Provided, however, that all the creditors of him the said *Benjamin Bakewell*, in and by the said assignment provided for, should, within the several times in the said indenture for that purpose specially appointed, agree to accept such sum or sums of money, as they should, severally, and respectively, be entitled to, out of the moneys, estate and effects of the said *Benjamin Bakewell*, in virtue of the said assignment, in full satisfaction and discharge of their several and respective demands against him, and should execute a good and sufficient discharge in the law, of all demands against him, the said *Benjamin Bakewell ;*

become void. The release, also, contained a proviso, by which it was to be rendered void, in case any of the creditors of the defendant, should fail to comply with the proviso contained in the deed. The defendant, in his plea, omitted to aver the assent of all the creditors to the deed of assignment. It was held, upon demurrer to the plea, that the want of such averment, was a fatal omission.

*In an action of account, the defendant pleaded, that in consideration of an assignment of property to trustees, for the benefit of the plaintiff, and his other creditors, the plaintiff executed to him a release, thereby discharging him from all debts, dues and demands. The deed of assignment contained a proviso, that unless all the creditors of the defendant should, within a limited time, assent to receive their proportion of the avails of the property assigned, in full discharge of their several demands, the deed should*

otherwise, the said assignment, and every matter, clause and thing therein contained, should be utterly void and of no effect." The release contained a proviso of the following tenor, *viz.* " Provided, nevertheless, that if by reason of the non-compliance of the creditors of the said *Benjamin Bakewell,* with the condition contained in the proviso in the said deed of assignment, the said assignment shall become null and void ; that then, and in such case, this present release and discharge shall also be void and of no effect." And thereupon, there was a demurrer to the plea, and joinder in demurrer. The Superior Court adjudged the plea to be insufficient, and rendered judgment in favour of the defendants in error : And to reverse this judgment, the present writ of error was brought.

*N. Smith* and *Staples,* for the plaintiffs in error.

1. The declaration is too general. The property alleged to have been received to be accounted for, is not described. The only descriptive words are, " goods, wares and merchandize." It is not even alleged, that the plaintiffs below had any title to the property. This is necessary in the action of account. These defects can be taken advantage of, in any stage of the proceedings. The declaration is bad upon general demurrer.

2. The Superior Court ought to have adjudged the plea in bar sufficient. If the assent of the creditors of the plaintiffs to the assignment, is a condition precedent, it is admitted, that the fact should have been averred and proved : But it is claimed, that in point of fact, as it appears from the record, the assent of the creditors, is a condition subsequent. 1 *Chitt. Plead.* 310. *Pordage* v. *Cole,* 1 *Saund. Rep.* 320. n. 4. *Hunlocke* v. *Blacklowe,* 2 *Saund. Rep.* 155. *b. Peeters* v. *Opie,* 2 *Saund. Rep.* 350. *in notis. Jones* v. *Barkley, Doug. Rep.* 694.

It is denied, that an operative release may not be founded on a condition subsequent. One man may discharge a right, or a debt, (but there is nothing peculiar in the nature of a *debt,*) and pass such right to another, which may return to the releasor, on the happening of a certain event.

But the discharge, in the present case, took effect immediately. If the deed of assignment does not become void, then the release was not to become void. If the deed was operative, and vested the property assigned, in the trustees, then the release became effectual.

*W. Hillhouse* and *Daggett*, for the defendants in error.

1. It is not necessary to specify the items of property in declarations in *account.* This practice would make the record too voluminous. Besides, there might be as many issues, as items in the bill of parcels. There is a peculiarity in this action. The verdict of the jury only establishes the *relationship* between the parties. It is the business of the auditors to investigate the items of the account.

2. The plea is insufficient. In declaring on a promise to pay money, in consideration that the plaintiff would execute a release, the declaration must aver, that such release was executed and tendered. The execution of the release, in the case supposed, is a condition precedent, and performance must be averred. 1 *Chitt. Plead.* 310.

In the present case, the deed of assignment and the release are to be construed together. The property assigned must be absolutely vested in the trustees, before the release can have any effect. This, then, is a condition precedent ; and without this, the release is wholly inoperative. It was material, therefore, that the performance of the condition, on which the validity of the assignment depended, should have been averred in the plea.

TRUMBULL, J. The merits of this case, depend, wholly, on the sufficiency of the plea. The plea should have averred the assent of the creditors to the deed of assignment ; for, without such assent, the deed and release were both void, by their own provisions. The want of this averment, is a fatal omission.

If, instead of demurring to the plea, the plaintiffs below had replied, by denying, that all the creditors had given their assent to the assignment, and signed discharges, and that the

assignment and discharge pleaded were, therefore, void, the defendants must have taken the affirmative side of the question, and rejoined, that all the creditors had assented and executed discharges. The *onus probandi* always falls on him, who takes the affirmative in the pleadings.

This tests the question. He, who is bound to prove a necessary fact in the case, must, in special pleadings, aver it ; and his omission, in such case, will be fatal, on demurrer.

The principal dispute at the bar, as to conditions precedent and subsequent, arose on a mere inaccuracy of expression in the discharge pleaded. The assent and discharge of the other creditors, depended upon facts, necessarily subsequent, in point of time, to the discharge of the plaintiffs, relied upon in the plea ; but they were a condition precedent to the validity of that discharge.

For these reasons, I am of opinion, that in the judgment complained of, there is nothing erroneous.

In this opinion all the other Judges concurred, except *Ingersoll, J.*, who did not judge.

Judgment affirmed.